**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| **CITIBANK, N.A.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 2002-112 |
| | ) |
| **CHARLES M. PETERS, a/k/a CHARLES PETERS, LPP MORTGAGE, LTD., f/k/a LOAN PARTICIPANT PARTNERS, LTD., PRAMCO II, LLC, and BANCO POPULAR de PUERTO RICO,** | ) |
| | ) |
| Defendants. | ) |

**Appearances:**

**A. Jennings Stone, Esq.,**
**Nycole A. Thompson, Esq.,**
St. Thomas, U.S.V.I.
**Mark L. Milligan, Esq.,**
St. Croix, U.S.V.I.
    *For plaintiff, Citibank, N.A.,*

**Charles M. Peters**,
St. Thomas, V.I.
    *Pro se defendant*,

**Chad C. Messier, Esq.,**
St. Thomas, V.I.
    *For defendant, LPP Mortgage, Ltd,*

**Richard H. Dollison, Esq.,**
St. Thomas, V.I.
    *For defendant, Pramco II, LLC,*

**Gregory Hodges, Esq.**,
St. Thomas, V.I.
    *For defendant, Banco Popular de Puerto Rico.*

<u>MEMORANDUM OPINION</u>

**Gómez, C.J.**

**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

**CITIBANK, N.A.,**

    Plaintiff,

    v.          Civil No. 2002-112

**CHARLES M. PETERS, a/k/a CHARLES PETERS, LPP MORTGAGE, LTD., f/k/a LOAN PARTICIPANT PARTNERS, LTD., PRAMCO II, LLC, and BANCO POPULAR de PUERTO RICO,**

    Defendants.

**Appearances:**

**A. Jennings Stone, Esq.,**
**Nycole A. Thompson, Esq.,**
St. Thomas, U.S.V.I.
**Mark L. Milligan, Esq.,**
St. Croix, U.S.V.I.
    *For plaintiff, Citibank, N.A.,*

**Charles M. Peters**,
St. Thomas, V.I.
    *Pro se defendant*,

**Chad C. Messier, Esq.,**
St. Thomas, V.I.
    *For defendant, LPP Mortgage, Ltd,*

**Richard H. Dollison, Esq.,**
St. Thomas, V.I.
    *For defendant, Pramco II, LLC,*

**Gregory Hodges, Esq.**,
St. Thomas, V.I.
    *For defendant, Banco Popular de Puerto Rico.*

<u>MEMORANDUM OPINION</u>

**Gómez, C.J.**

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 2

Defendant LPP Mortgage, Ltd. ("LPP") moves this Court to alter the March 17, 2008, summary judgment order in this matter. The Court will address that motion. However there are several procedural issues that complicate the resolution of that motion. Those issues, which primarily stem from Charles Peters ("Peters") bankruptcy petition, must be addressed as a threshold matter, before the court can consider the motion. A brief overview of the procedural history in this matter illustrates some of the Court's concerns.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 17, 2002, plaintiff Citibank, N.A. ("Citibank") filed this foreclosure action against Peters. On June 20, 2002, Peters filed a voluntary bankruptcy petition pursuant to chapter 13. The petition was later amended to a Chapter 7 proceeding.

On August 7, 2002, a return of service upon Peters was filed in this Court.[1] Thereafter, on August 6, 2002, Peters, through his Bankruptcy counsel, filed a notice informing the Court that he was in bankruptcy.

On July 3, 2003, Peters received a discharge of his debts from the Bankruptcy Court. Citibank moved to amend the complaint

---

[1] The process server certified that he delivered a summons and a copy of the complaint to Peters on July 24, 2002.

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 3

to add additional lienholders[2] and to proceed *in rem* against the property on October 31, 2003. A copy of that motion was submitted to Peters' bankruptcy counsel, Jacqueline Drew ("Drew"). The Magistrate Judge issued an order granting the motion on November 3, 2003. Citibank submitted a copy of the order to Drew.

On July 28, 2006, Citibank moved for enforcement of assignment of rents. Citibank claimed Peters' mortgage terms gave Citibank a right to all rents collected on the property following a notice of default, and that Citibank had notified Peters that he was in default. The Magistrate Judge granted the motion on November 28, 2006.

Thereafter, Citibank filed two motions for summary judgment. The first was denied on May 18, 2007. The second motion was granted on March 17, 2008. Thereafter, on April 1, 2008, LPP filed its motion to alter the summary judgment.

The Court held a status conference in this matter on June 26, 2008. Peters was not present. At the status conference, the Court inquired of the parties present whether Peters was served with any of the papers filed in this action. The Court then ordered the parties to submit briefs on what effect, if any, the

---

[2] The amended complaint named Peters, LPP, Pramco, and Banco Popular de Puerto Rico ("BPPR") as defendants. The original complaint named Peters, the Small Business Administration ("SBA"), and BPPR.

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 4

July 24, 2002, service had on Peters.  Thereafter, on August 15, 2008, the Court issued an order for Citibank to show cause why this action should not be dismissed for failure to timely serve a summons and the complaint on Peters, pursuant to Federal Rule of Civil Procedure 4(m).

Citibank mailed a notice of service of its first motion for summary judgment, a motion for status conference, and the motion for enforcement of rents to Drew between March 2004 and July 2006.  Drew never filed an appearance in this foreclosure action.  The record reflects that her active involvement with this case was limited to her filing of a document informing the Court that Peters had filed for bankruptcy.

## II. Discussion

### A. The Requirement of Service of Process

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after
> the complaint is filed, the court--on motion or on
> its own after notice to the plaintiff--must
> dismiss the action without prejudice against that
> defendant or order that service be made within a
> specified time. But if the plaintiff shows good
> cause for the failure, the court must extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

While Rule 4(m) requires service within 120 days of filing, that deadline is not absolute.  Courts can consider

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 5

motions to extend the time allotted to effect service of process.

> [W]hen entertaining a motion to extend time for service, the district court must proceed in the following manner. First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

"[C]ourts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995)(citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

**B. Effect of the Bankruptcy Stay on the Requirement of Service**

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 6

Bankruptcy Code section 362(a) explicitly enumerates various actions that the filing of a bankruptcy petition stays,[3] including service of process:

> . . . a petition filed under . . . this title . . . . operates as a stay, applicable to all entities, of--
>    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. §§ 362(a); *see also In re Profile Sys.*, 193 B.R. 507, 512-13 (Bkrtcy D. Minn. 1996)("service of the above-entitled summons and complaint on the Debtor . . . was invalid, void, and of no force or effect because such service was effectuated in violation of the automatic stay imposed by 11 U.S.C. § 362(a)").

### III. Analysis

**A. The Summary Judgment Order and Order Enforcing Assignment of Rents**

As a general matter, violations of Bankruptcy Code Section 362 are void *ab initio*. *See Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) ("Absent relief from the stay, judicial actions and proceedings against

---

[3] The bankruptcy stay also suspends procedural deadlines in pending actions against the debtor. 11 U.S.C. § 108(c)(2008).

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 7

the debtor are void *ab initio*")(citing *Kalb v. Feuerstein*, 308 U.S. 433 (1940)); *see also* Bankruptcy Code, 11 U.S.C. § 362(a). However, a bankruptcy court has the authority to make exceptions or modifications to the stay. 11 U.S.C. § 362(d); *see also In re Meyers*, 491 F.3d 120, 127 (3d Cir. 2007). As such "actions in violation of the stay are void but retroactively ratifiable if the stay is annulled . . . ." *Meyers*, 491 F.3d at 128.

On August 28, 2008, following this Court's show cause order, Citibank made a motion in the Bankruptcy Court to retroactively annul the stay *nunc pro tunc* to June 20, 2002, the day Peters filed for bankruptcy. Citibank later moved to withdraw its motion to annul the stay. The Bankruptcy Court granted that motion to withdraw on October 10, 2008. As such, Citibank never obtained relief from the stay.

A copy of the complaint and a summons were delivered to Peters only while the bankruptcy stay was in place. That attempt at service was invalid. *See Profile*, 193 B.R. at 512-13. In the five years following Peters' discharge, Citibank has never effected valid service of process on him. Because Peters never received valid service of process in this case, the Court will vacate its March 17, 2008, summary judgment order. The Court will also vacate the Magistrate Judge's November 28, 2006, order granting enforcement of assignment of rents.

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 8

**B. Citibank's Motion to Extend the Time to Serve Peters**

Having failed to timely effect service of process, Citibank argues that good cause exists to extend the service deadline. Citibank argues that its efforts to serve Peters were reasonable. Citibank also claims that Peters will not be prejudiced by lack of timely service.

Citibank did make efforts to serve Peters. However, Peters only received a complaint and summons while he was in bankruptcy. That attempted service was invalid. *See Profile,* 193 B.R. at 512-13. Since Peters' bankruptcy discharge, Citibank has failed to make any efforts to serve Peters. That degree of effort is not reasonable. *See Petrucelli*, 46 F.3d at 1306-07 (finding good cause did not exist where plaintiff generally showed lack of diligence in ensuring valid service of process).

To the extent Citibank was unaware of the effect of bankruptcy law, that deficiency cannot rise to the level of good cause. *Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877, 884-85 (3d Cir. 1987)(citation omitted)("good cause under Rule [4(m)] seems to require *at least* as much as would be required to show excusable neglect . . . as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice")(emphasis in original).

*Citibank v. Peters, et al.*
Civil No. 2002-112
Memorandum Opinion
Page 9

Citibank's claim that Peters will not be prejudiced is similarly wanting. While there is proof of delivery of the complaint, Citibank cannot escape the unvoidable – that its effort was void. The law proceeds on the presumption that the only forum on which a debtor needs to focus is the bankruptcy court. To conclude that Peters knew or should have known that Citibank maintains a nonbankruptcy debt and foreclosure action, after he has been discharged from bankruptcy, undermines that presumption. Moreover, "absence of prejudice alone can never constitute good cause to excuse late service." *MCI*, 71 F.3d at 1097 (citing *Nuttall*, 122 F.R.D. at 166-67 (D. Del. 1988)).

Finally, Citibank has failed to demonstrate any exceptional circumstance that would weigh in favor of an extension of time to effect service of process in the absence of good cause.

## IV. Conclusion

For the foregoing reasons, the Court will vacate its summary judgment and dismiss Citibank's claims against Peters. An appropriate order follows.

S\_____
**Curtis V. Gómez**
**Chief Judge**